UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| United States, | ) | No. 3:08-cr-97-W |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | SUPPLEMENTAL ORDER |
| | ) | |
| (1) Kelvin Moss, | ) | |
| (2) Shonn McCain | ) | |
| Defendant | ) | |

The United States applied to this Court for an order compelling Defendants to provide physical evidence of a buccal (oral) swab from each of their mouths, a limited number of head hairs, and major case prints including palm prints (Doc. Nos.18).[1] This Court, finding probable cause existed that these two Defendants committed the crimes alleged (to wit, bank robbery and related offenses), that the physical evidence requested may likely result in the discovery of relevant evidence, and that society and the Government had a compelling interest in obtaining the physical evidence for analysis and comparison, granted the application and issued an Order (Doc No. 19). Defendant Kelvin Gerard Moss now objects to the Government's application and this Court's Order. For the reasons set for below, Defendant Mosses' objections are OVERRULED in part and SUSTAINED in part.

Defendant Moss makes two arguments against the application: (1) that the items requested are already in the government's possession at FCI Edgefield and the government makes no showing why the physical evidence needs to be taken again, and (2) that the government has made no showing with a sworn affidavit why a taking of this physical evidence is justified.

---

[1] Document Number 18 was re-submitted to ECF as a corrected document because of technical problems. The re-submitted document is Document Number 20. The content and substance did not change.

First, as to Defendant Moss's assertion that the government must making a showing that the physical evidence is not available from another agency, the government did in fact make a showing that it did not have some of this evidence. Specifically in paragraph 4 the government noted that, while it had some fingerprints of the defendants, it did not have palm prints needed for the a major case print comparison. Nonetheless, when the government is seeking a court order for compulsion of physical evidence, it does not have to show that it has checked with all other federal and state agencies to make sure they do not have the physical evidence. Rather this is scientific identification evidence which with compulsion of a court is frequently made available to law enforcement agencies to insure the accuracy of criminal prosecutions, with the possibility it may exonerate a defendant just as much as inculpate a defendant. United States v. Williams, 946 F.2d 888, 1991 WL 199870 (4th Cir. 1991) ("there is no fourth or fifth amendment protection against compelled display of identifiable physical characteristics"); see also United States v. Dionisio, 410 U.S. 1 (1973) (voice exemplars can be compelled); United States v. Mara, 410 U.S. 19 (1973) (handwriting exemplars may be compelled); Schmerber v. California, 384 U.S. 757 (1966) (blood samples may be compelled); In re Grand Jury Proceedings, 686 F.2d 135 (3d Cir.), cert. denied, 459 U.S. 1020 (1982) (facial and scalp hair sample and height and weight measurements may be compelled).

Second, Defendant Moss argues that the government has made no showing with a sworn affidavit why a warrantless taking of physical evidence is justified. While the government has presented at the initiation of this case a sworn affidavit of FBI Special Agent John L. Mayer showing that there was probable cause that both defendants were involved in a bank robbery and related crimes on April 15, 2008 (Doc. No. 1), that Affidavit needs to be updated and re-filed as part of the Application in this case. While the Court did consider SA Mayer's Affidavit in making its probable cause finding resulting in the Order compelling Defendants to produce the physical evidence, it is

prudent that SA Mayer update the Affidavit and tailor it specifically for the seizure of the physical evidence requested..

THEREFORE, Defendant Moss's objection to the government's application is OVERRULED in part and SUSTAINED in part. The United States is directed to update SA Mayer's sworn Affidavit or submit a sworn Affidavit of another competent agent particularized for the physical evidence sought. The United States does not need to supplement its legal argument set forth in Doc. No. 18. The Court's Order of July 18, 2008 (Doc. No 19) is STAYED pending the submission of the updated sworn Affidavit..

IT IS SO ORDERED.

Signed: July 22, 2008

Frank D. Whitney
United States District Judge